|  | UNITED STATES DISTRICT COURT |
|---|---|
|  | DISTRICT OF PUERTO RICO |

MIGUELINA MONTES PONCE,

    Plaintiff,

    v.

UNITED STATES OF AMERICA,

    Defendant.

Civil No. 06-1324 (JAF)

**<u>OPINION AND ORDER</u>**

Plaintiff Miguelina Montes-Ponce is the widow of Pedro Peterson-Parodis ("Peterson"), a United States Army veteran who died in 2000 as a result of treatment that he received while under the care of the Department of Veterans Administration ("VA"). After Peterson's death, Defendant United States said that it would provide Dependency and Indemnity Compensation ("DIC") – a veterans' benefit – to Plaintiff. However, the payment was delayed when there was some confusion as to whether Plaintiff had already been paid a death settlement. After Defendant realized Plaintiff had not received compensation, it sent full payment of roughly five years' worth of withheld DIC to her. Plaintiff is now suing Defendant under 38 U.S.C. § 1151 (2002 & Supp. 2006) and 38 U.S.C. § 1301 et seq. (2002 & Supp. 2006) for damages and interest she claims are owed to her for the time period during which her DIC was improperly withheld. <u>Docket Document Nos. 1, 7</u>.

Civil No. 06-1324 (JAF)                                              -2-

1    Plaintiff filed this complaint on March 28, 2006.  <u>Docket
2    Document No. 1</u>.  It was later amended on September 15, 2006.  <u>Docket
3    Document No. 7</u>.  Defendant moved to dismiss on September 29, 2006.
4    <u>Docket Document No. 8</u>.  Plaintiff opposed the motion on November 15,
5    2006.  <u>Docket Document No. 13</u>.

6    Defendant argues that this lawsuit should be dismissed because
7    it is protected by sovereign immunity, and we agree.  <u>Docket Document
8    No. 8</u>.  Under the sovereign immunity doctrine, the United States may
9    only be sued when it has made an unequivocal waiver of its immunity
10   protection.  <u>Nowd v. Rubin</u>, 76 F.3d 25, 27 (1st Cir. 1996)("Absent an
11   express and unequivocal waiver, the United States is immune from
12   suit.").  Because the present case was filed under veterans' benefits
13   statutes, we look to the Veterans' Judicial Review Act ("VJRA"),
14   which outlines how veterans may challenge decisions pertaining to
15   their benefits, for any such waiver.

16   Section 511(a) of the VJRA states that the VA Secretary
17
18           shall decide all questions of law and fact
19           necessary . . . under a law that affects the
20           provision of benefits . . . to veterans or the
21           dependents or survivors of veterans. . . [T]he
22           decision of the Secretary as to any such
23           question shall be final and conclusive and may
24           not be reviewed. . . by any court, whether by an
25           action in the nature of mandamus or otherwise.
26
27   38 U.S.C. § 511(a)(2002 & Supp. 2006).  In other words, § 511(a)
28   denies federal district courts jurisdiction over lawsuits such as

Civil No. 06-1324 (JAF)                                                -3-

this one seeking review of veterans' benefits determinations.[1] <u>Price v. United States</u>, 228 F.3d 420, 421 (D.D.C. 2000)(holding that "[t]he exclusive avenue for redress of veterans' benefits determinations is appeal to the Court of Veterans Appeals and from there to the United States Court of Appeals for the Federal Circuit"); <u>Helfgott v. United States</u>, 891 F. Supp. 327, 330 (S.D. Miss 1994).  Plaintiff vaguely argues that this is not a claim for review of benefits, but rather "a simple case for collection of money owed by VA to the plaintiffs." <u>Docket Document No. 13</u>.  We fail to discern the difference, given that the premise of the complaint is an allegation that the VA unjustifiably denied her a veterans' benefit, and dismiss the suit.

For the foregoing reasons, we **GRANT** Defendant's motion to dismiss. <u>Docket Document No. 8</u>. Judgment shall enter dismissing the complaint filed herein.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 17th day of January, 2007.

                                        S/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        U. S. District Judge

---

[1] Under § 511(b), judicial review of the VA Secretary's decision is available in certain cases, but none of those exceptions apply here.  38 U.S.C. § 511(b).